# UNITED STATES DISTRICT COURT

for the

District of Connecticut

New Haven Division

Ralph DeSantis

Case No.
(to be filled in by the Clerk's
Office)

Plaintiff(s)
(Write the full name of each
plaintiff who is filing this
complaint.
If the names of all the
plaintiffs cannot fit in the
space above,
please write "see attached" in
the space and attach an
additional
page with the full list of
names.)

NOV 18 2025 AM10:15
FILED-USDC-CT-NEW HAVEN

Jury Trial: (check one) ☑ Yes
☐ No

-v-

Connecticut Technical Education
and Career System (CTECS); Eli
Whitney Technical High School;
See Attached

Defendant(s)
(Write the full name of each
defendant who is being sued. If
the names of all the defendants
cannot fit in the space above,
please write "see attached" in
the space and attach an

*Pg. 1*

additional page with the full
list of names.)

COMPLAINT FOR A CIVIL CASE

I.   The Parties to This Complaint

A.   The Plaintiff(s)

| Name | Ralph DeSantis |
|------|----------------|
| Street Address | 374 Chestnut Tree Hill Rd. |
| City and County | Southbury, New Haven County |
| State and Zip Code | Connecticut, 06488 |
| Telephone Number | 203-518-2896 |
| E-mail Address | DeSantisr1@southernct.edu |

B.   The Defendant(s)

Provide the information below for each defendant named in the
complaint, whether the defendant is an
individual, a government agency, an organization, or a corporation.
For an individual defendant,
include the person's job or title (if known). Attach additional pages
if needed.

Defendant No. 1

| Name | Connecticut Technical Education and Career System (CTECS) |
|------|--------------------------------------------------------|
| Job or Title (if known) | State Educational Agency / Employer |
| Street Address | 25 Industrial Park Road |
| City and County | Middletown, Middlesex County |
| State and Zip Code | CT 06457 |
| Telephone Number | (860) 807-2200 |
| E-mail Address (if known) | |

Defendant No. 2

| Name | Eli Whitney Technical High School |
|------|-----------------------------------|
| Job or Title (if known) | Public Vocational High School operated by CTECS |
| Street Address | 100 Fairview Avenue |
| City and County | Hamden, New Haven |
| State and Zip Code | Connecticut, 06514 |
| Telephone Number | (203) 624-8618 |
| E-mail Address (if known) | |



Defendant No. 3

| Name | Joseph Dinatelli |
|------|------------------|
| Job or Title (if known) | Principal, Eli Whitney High School (sued in his individual and official capacities) |
| Street Address | 100 Fairview Avenue |
| City and County | Hamden, New Haven |
| State and Zip Code | Connecticut, 06514 |
| Telephone Number | (203) 624-8618 |
| E-mail Address (if known) | Joseph.F.DiNatale@cttech.org |

Defendant No. 4

| Name | Stephanie Davis |
|------|-----------------|
| Job or Title (if known) | Department Head, Eli Whitney Technical High School (sued in her individual and official capacities) |
| Street Address | 100 Fairview Avenue |
| City and County | Hamden, New Haven |
| State and Zip Code | Connecticut, 06514 |
| Telephone Number | (203) 624-8618 |
| E-mail Address (if known) | Stephanie.Davis@cttech.org |

II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? (check all that apply)

☑ Federal question    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

*Pg. 3*

• 42 U.S.C. § 12101 et seq. (Title I of the Americans with Disabilities Act of 1990, as amended)
• 29 U.S.C. § 2615 (Family and Medical Leave Act – FMLA)
• 42 U.S.C. § 1983 (violation of constitutional rights under color of state law)

This Court also has jurisdiction under 28 U.S.C. § 1331 (federal question) and venue is proper in the District of Connecticut because the events occurred in New Haven County.

B.    If the Basis for Jurisdiction Is Diversity of Citizenship

[(Not applicable.)]

III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Attached Statement of Claims (Pages __ Through __).

IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached Section of Relief (page ___).

V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the

factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____11/18/2025_____

Signature of Plaintiff _____

Printed Name of Plaintiff Ralph DeSantis

Ralph DeSantis
DeSantsr1@Southernct.EDU
203 518 2896

Pg. 5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RALPH DeSANTIS,                          )
    Plaintiff,                       )
                                     )
v.                                       )          Case No.
    _____          )
                                     )
CONNECTICUT TECHNICAL EDUCATION          )
AND CAREER SYSTEM, et al.,               )
    Defendants.                      )

LIST OF DEFENDANTS

Page 6

Connecticut Technical Education and Career System (CTECS) —
State agency headquartered in Hartford, Connecticut.

Eli Whitney Technical High School — Public secondary technical
school located in Hamden, Connecticut, operating under the
authority of CTECS.

Joseph DiNatelli — Principal, Eli Whitney Technical High School,
Hamden, Connecticut; sued in both his individual and official
capacities.

Stephanie Davis — Department Head, Eli Whitney Technical High
School, Hamden, Connecticut; sued in both her individual and
official capacities.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RALPH DeSANTIS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| _____ | ) | |
| | ) | |
| CONNECTICUT TECHNICAL EDUCATION | ) | |
| AND CAREER SYSTEM, et al., | ) | |
| Defendants. | ) | |

Page 7 through 14

STATEMENT OF CLAIM

Introduction

This civil action arises from Plaintiff's employment with the Connecticut Technical Education and Career System (CTECS) at Eli Whitney Technical High School, where he was subjected to discrimination, retaliation, and interference in violation of the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), and Section 504 of the Rehabilitation Act. The Defendants failed to accommodate his epilepsy diagnosis, initiated his non-renewal during protected medical leave, and mishandled personnel records in violation of federal and state law.

1. Plaintiff Ralph DeSantis brings this civil action against his former employer, the Connecticut Technical Education and Career System (CTECS), and against Principal Joseph DiNatelli and Department Head Stephanie Davis, for violations of the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), and Section 504 of the Rehabilitation Act.

2. Plaintiff was employed at Eli Whitney Technical High School in Hamden, Connecticut, beginning in August 2023 as a Step 9 teacher under CTECS.

3. During his employment he disclosed a medical condition later diagnosed as epilepsy.

4. From August 2023 forward, Plaintiff performed all duties professionally, collaborated with colleagues, volunteered for athletic events, and maintained strong student rapport.

5. At all relevant times, Defendants were aware of his medical issues and the need for reasonable accommodation.

p. 7

6. Plaintiff experienced multiple seizures between March 2023 and February 2024, including hospitalizations following car accidents in July 2023 and February 2024. At the time of hire, Plaintiff had an undiagnosed seizure disorder that was later confirmed to be epilepsy. Plaintiff verbally informed school administrators on the first day of employment, consistent with obligations under the Americans with Disabilities Act (ADA), that medical evaluations were ongoing to determine the cause of prior seizures. CTECS was therefore aware of Plaintiff's medical history and potential need for accommodation well before a formal diagnosis was established.

7. After the February 2024 episode, Plaintiff's neurologist prescribed medication (Keppra) and advised time off for stabilization.

8. On February 21, 2024, Plaintiff returned to work temporarily.

9. Between February 21 and March 8, 2024, he notified multiple administrators—including Principal DiNatelli, Vice Principal Willis, and Department Head Davis—that he was considering FMLA leave due to medication side effects.

10.    Plaintiff's request was never processed properly, and he was made to feel taking FMLA could endanger his employment.

11.    In November 2024, the Connecticut Commissioner of Education, Charlene M. Russell-Tucker, and Attorney Michael P. McKeon submitted a formal memorandum to the Connecticut State Board of Education requesting a Section 10-4b investigation into the Connecticut Technical Education and Career System (CTECS) for systemic discrimination against students with disabilities, including the use of exclusionary "safety review panels" and failure to provide required accommodations. Plaintiff's experience as a newly diagnosed epileptic teacher at Eli Whitney Technical High School is consistent with the same pattern of disregard for ADA and Section 504 obligations identified in that memorandum.

12.    On March 6, 2024, while adjusting to Keppra, he experienced confusion and frustration in class. He immediately called the main office as instructed by Assistant Principal Catherman.

13.    Rather than provide support, administrators began documenting the incident as alleged "unprofessional conduct."

14.   On March 8, 2024, Plaintiff formally took FMLA leave, retroactive to March 12, 2024.

15.   While out on leave, administrators initiated his non-renewal process.

16.   This occurred despite his consistent prior evaluations reflecting improvement and no findings of unprofessionalism.

17.   In a written letter, Assistant Principal Leah Catherman confirmed that the reason stated for Plaintiff's non-renewal "was not accurate." This independent statement from a supervisory administrator supports Plaintiff's claim that the justification for non-renewal was pretextual and that the adverse action was motivated by retaliation and discrimination. (See Exhibit H.)

18.   Plaintiff had previously informed the administration on his first day in August 2023 that doctors were investigating his seizure activity.

19.   At no time did CTECS initiate a 504 Plan or accommodation meeting as required by ADA regulations.

20.   CTECS failed to train supervisors regarding medical disclosure or ADA obligations.

21.   On February 17, 2024, Plaintiff informed Department Head Stephanie Davis via text message that he had been hospitalized and diagnosed with epilepsy. Davis responded with concern and acknowledged the diagnosis, writing that his health came first. This establishes that Defendants had actual notice of his disability and the likelihood of medical leave before any disciplinary or non-renewal actions were initiated. (See Exhibit A.)

22.   On February 20, 2024, Plaintiff exchanged text messages with Department Head Stephanie Davis in which he disclosed that he had suffered a seizure that caused a car accident and that he had been formally diagnosed with epilepsy. Davis responded with concern, stating she hoped Plaintiff was feeling better, and asked what she should tell students if they asked. Plaintiff replied that she could tell them he had a seizure and crashed his car but hoped to be back soon. Davis continued to correspond about Plaintiff's expected return and advised him to "go straight to the top" and contact Principal Joseph DiNatelli to avoid confusion about return-to-work paperwork. Plaintiff followed this advice and spoke with DiNatelli that same day. These messages demonstrate that both supervisory officials had actual notice of Plaintiff's disability and medical status weeks before any disciplinary or non-renewal actions were taken. (See Exhibit D.)

23.     These February 20 text messages directly contradict
later statements by Principal Joseph DiNatelli in CTECS's
official CHRO response, where the Respondent claimed the
decision-maker had no knowledge of Plaintiff's medical
condition prior to initiating non-renewal on March 13,
2024. The messages show that both Davis and DiNatelli were
aware of Plaintiff's seizure, hospitalization, and
diagnosis well before that date. DiNatelli's subsequent
denial therefore constitutes a knowing misrepresentation
and evidences bad-faith intent and retaliatory motive.

24.     On February 21, 2024, Plaintiff returned to work and
disclosed to multiple administrators that he was taking
anti-seizure medication which caused significant side
effects.

25.     In its formal response to Plaintiff's CHRO complaint,
CTECS admitted that the process to non-renew his contract
began on or about March 13, 2024, while his FMLA leave had
been granted retroactive to March 12, 2024 (Exhibit C.)

26.     The same response stated that "the request to non-
renew the Complainant was sent by the Principal to the
Superintendent on March 13, 2024. The doctor's note was
dated March 18, 2024." This admission shows the non-renewal
process began while Plaintiff was already on protected FMLA
leave and before medical certification was received,
constituting FMLA interference and ADA retaliation. (See
Exhibit C.)

27.     Plaintiff was notified of non-renewal by email on or
about March 28, 2024, with letters back-dated to March 21,
2024.

28.     Defendants later attempted to justify non-renewal
using incidents occurring while Plaintiff was adjusting to
medication.

29.     No investigation was conducted into medical causation
despite written notice from Plaintiff's physician.

30.     FMLA paperwork submitted by Dr. Sheth was completed
promptly and accepted by CTECS.

31.     On or about April 23, 2024, CTECS Human Resources
representative Nancy Flynn prepared the official *State of
Connecticut Human Resources CORE-CT Coding (FMLA-HR2c)* form
approving Plaintiff's State FMLA and SEBAC Supplemental
Leave from February 12 to June 20, 2024. The form —
approved and copied to Payroll and Principal Joseph
DiNatelli — shows that Plaintiff's leave was formally
recognized and that administrators were notified of his
protected status. (See Exhibit D.)

32.     In its official CHRO response, CTECS stated that "the
request to non-renew the Complainant was sent by the


Pg. 10

Principal to the Superintendent on March 13, 2024. The doctor's note was dated March 18, 2024." This admits the non-renewal process began while Plaintiff was already on protected medical leave and before medical certification was received, constituting FMLA interference and ADA retaliation. (See Exhibit C and Exhibit D.)

33.    In an earlier email dated March 2024, Nancy Flynn told Plaintiff that although his health-care provider had certified leave beginning February 12, 2024, the agency could "only go back one month," therefore approving leave starting March 12, 2024. This directly conflicts with the later FMLA-HR2c form showing February 12 as the start date, revealing negligence and inconsistent administration of FMLA protections. (See Exhibit E.)

34.    CTECS may argue that because the doctor's note was dated March 18, 2024, decision-makers lacked notice before non-renewal. However, under 29 C.F.R. § 825.303(b) and § 825.301(b), verbal notice to supervisors of a serious health condition triggers protection even before paperwork is filed. Plaintiff's February communications with Davis and DiNatelli therefore placed CTECS on actual notice well before any adverse action.

35.    On May 8, 2024, Plaintiff emailed Meredith DePaola, Agency Labor Relations Specialist, requesting his personnel file to prepare for a meeting with his social worker. DePaola responded that the file would only be released "once it has been reviewed." This shows CTECS delayed or altered records after a formal request and while a federal complaint was pending, violating Conn. Gen. Stat. § 31-128b and the Freedom of Information Act. (See Exhibit F.)

36.    The handling of Plaintiff's personnel file, combined with the attempted recall of earlier emails containing that file on May 23, 2024, demonstrates bad-faith tampering and retaliation. These actions further support Plaintiff's claims that CTECS engaged in systemic disregard for employee records and retaliated for invoking ADA and FMLA rights.

37.    CTECS Trade Consultant Larry Pomerlau was present in Plaintiff's shop on the first day of school when a student with an active IEP expressed self-harm. Mr. Pomerlau personally observed Plaintiff follow the IEP protocol exactly as required, including immediately notifying the main office and Vice Principal Leah Catherman. Despite this incident confirming Plaintiff's adherence to IEP safety procedures, it was omitted from the personnel file later produced by CTECS.

38.     Nevertheless, administrators failed to reinstate
Plaintiff or discuss accommodations.

39.     On May 31, 2024, Plaintiff emailed Interim
Superintendent Justin Lowe requesting a meeting regarding
omissions in his personnel file and invoking ADA rights. He
explained that Principal DiNatelli told him his diagnosis
"didn't matter." Lowe replied by citing contractual limits
on hearings for first-year teachers and referred Plaintiff
to HR instead of engaging in the interactive process. (See
Exhibit B.)

40.     On the same date, Plaintiff replied again to Dr. Lowe,
reiterating his request for a phone conversation rather
than an email exchange and formally referencing his rights
under the Americans with Disabilities Act of 2008.
Plaintiff explicitly wrote, "I respectfully ask that you do
not contact me," establishing a clear written request for
no further contact until his legal matters were resolved.
(See Exhibit B.)

41.     Despite that written directive, representatives of
CTECS continued to contact Plaintiff multiple times
thereafter, causing additional distress and demonstrating
disregard for his ADA and FMLA protected rights.

42.     In or around August 2024, Plaintiff received a phone
call from Patty Chanthinith, Fiscal Administrative
Assistant at Eli Whitney Technical High School, regarding
building keys. During the call, Ms. Chanthinith stated she
had been told to contact Plaintiff by Principal Joseph
DiNatelli, even though Plaintiff's May 31, 2024 notice
directed that no one from CTECS contact him. Plaintiff
reminded Ms. Chanthinith of this directive, and she
acknowledged she had been told "nothing of the sort" about
the no-contact order. This incident demonstrates continued
disregard for Plaintiff's protected request for no contact,
shows that Principal DiNatelli remained personally involved
after non-renewal, and further supports a pattern of
retaliation and administrative misconduct by CTECS. This
deliberate contact occurred months after Plaintiff's
termination and no-contact directive, serving no legitimate
administrative purpose and demonstrating malicious
disregard for Plaintiff's medical condition and emotional
well-being.

43.     After Plaintiff had already been notified of his non-
renewal, CTECS mailed a letter containing paperwork for his
physician to sign to "end FMLA leave and authorize return
to work." Because Plaintiff's employment had already been
terminated, this mailing was disingenuous, served no
legitimate administrative purpose, and only caused

additional stress and confusion. A second similar mailing
was received in August 2024, months after non-renewal,
demonstrating continued administrative confusion and post-
hoc manipulation of records intended to justify prior
unlawful actions. These actions further demonstrate
interference with FMLA rights and bad-faith pressure by
CTECS to undermine protected leave.

44.    CTECS's conduct violated 29 U.S.C. § 2615 and 42
U.S.C. § 12112 by retaliating against Plaintiff for
exercising protected rights.

45.    The actions also violated Section 504 of the
Rehabilitation Act as CTECS receives federal education
funding.

46.    Plaintiff was denied equal employment opportunity and
reasonable accommodation.

47.    Defendants' behavior caused severe emotional distress
and reputational damage.

48.    Administrators falsely labeled Plaintiff "not
professional" only after his medical leave.

49.    Before his diagnosis, he had received positive
feedback and support from staff.

50.    After disclosure of epilepsy, his treatment by
administration changed abruptly.

51.    CTECS failed to maintain required documentation and
later attempted to recall altered personnel files sent via
email on May 23, 2024(See Exhibit G)

52.    The recall of files suggests tampering or bad-faith
handling of FOIA records.

53.    Plaintiff suffered lost wages, benefits, and
professional reputation as a result.

54.    He also lost eligibility for employer-paid student-
loan forgiveness and class reimbursements.

55.    Defendants' conduct was willful, malicious, and taken
in reckless disregard of federal law.

56.    Plaintiff filed timely administrative complaints with
the EEOC and CHRO within statutory periods.

57.    He has exhausted administrative remedies and received
a right-to-sue notice.

58.    Venue is proper in the District of Connecticut because
all events occurred there.

59.    Plaintiff respectfully requests trial by jury on all
triable issues.

60.    Plaintiff's medical condition—epilepsy—is a covered
disability under the Americans with Disabilities Act
("ADA") and the ADA Amendments Act of 2008 ("ADAAA").

61.    The DOJ Notice of Rights included with Plaintiff's
Right-to-Sue letter (Exhibit I) expressly states that

$P_5$ 13

impairments that are *episodic*—including epilepsy—constitute disabilities when active. The letter provides: "An impairment that is episodic (e.g., epilepsy)… is a disability if it would be substantially limiting when active."

62.    Epilepsy substantially limits major life activities, including neurological and brain function, consciousness, safety, and the operation of major bodily systems. Under the ADAAA, only one major life activity need be substantially limited for ADA protection to apply.

63.    Under the ADAAA, mitigating measures—such as anti-seizure medication including Keppra, Lamotrigine, and Lacosamide—cannot be considered when determining whether an impairment is substantially limiting. Plaintiff therefore remains fully protected under the ADA regardless of prescribed medication.

64.    Accordingly, Plaintiff meets all three statutory definitions of disability: (1) an individual with an *actual* disability; (2) an individual with a *record* of disability; and (3) an individual who was *regarded as* disabled by Defendants after disclosing his epilepsy and treatment-related symptoms.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


RALPH DeSANTIS,                                    )
        Plaintiff,                                 )
                                                   )
v.                                                 )        Case No.
_____                             )
                                                   )
CONNECTICUT TECHNICAL EDUCATION                    )
AND CAREER SYSTEM, et al.,                         )
        Defendants.                                )

Pages 15+16

SECTION OF RELIEF


SECTION OF RELIEF

A. Reinstatement or equivalent placement at Eli Whitney
Technical High School in Hamden, Connecticut, or at another
Connecticut Technical Education and Career System (CTECS) school
not farther from Plaintiff's residence, including W.F. Kaynor
Technical High School in Waterbury, Henry Abbott Technical High
School in Danbury, or Emmett O'Brien Technical High School in
Ansonia. Kaynor's department head previously mentored Defendant
Stephanie Davis and may pose a conflict of interest. Full Step-9
seniority and benefits restored. If reinstatement is not
feasible, Plaintiff requests two (2) years of front pay at his
prior Step-9 salary with full retirement credit and twenty-four
(24) months of employer-paid health-insurance coverage
equivalent to the benefits in effect at the time of non-renewal.

B. Plaintiff participated in the Aetna State of Connecticut
Health Benefits Plan administered under the State Employee
Retirement System (SERS), which provides the option to continue
lifetime health-insurance coverage upon separation from
employment by assuming payment of the employee share of
premiums. Plaintiff requests reinstatement of this benefit and
the right to re-enroll in the state plan, with the Connecticut
Technical Education and Career System to resume payment of the
employer's contribution share and Plaintiff to pay the employee
share of premiums until reaching age fifty-five (55), after

Pg. 15

which Plaintiff will assume full payment responsibility for continued lifetime coverage.

C. Back Pay with interest for all wages, retirement contributions, and benefits lost due to unlawful non-renewal.

D. Compensatory Damages for emotional distress, reputational harm, and interference with medical stability.

E. Punitive Damages against Defendants Joseph DiNatelli and Stephanie Davis, in their individual capacities, for willful and malicious conduct demonstrating reckless disregard of Plaintiff's federally protected rights.

F. Declaratory Relief that Defendants violated the ADA, FMLA, and Section 504 of the Rehabilitation Act.

G. Injunctive Relief requiring CTECS to implement comprehensive ADA/FMLA training and policy reforms for all administrative and supervisory personnel.

H. Attorney's Fees and Costs pursuant to 42 U.S.C. § 12205 and 29 U.S.C. § 2617(a)(3).

I. Expungement of all false evaluations, disciplinary records, or references to non-renewal from Plaintiff's personnel file and employment record.

J. Such other and further relief as the Court deems just and proper.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RALPH DeSANTIS,                          )
    Plaintiff,                       )
                                     )
v.                                       )        Case No.
_____                         )
                                     )
CONNECTICUT TECHNICAL EDUCATION          )
AND CAREER SYSTEM, et al.,               )
    Defendants.                      )

Page *17-41*

EXHIBIT A-I

TABLE OF EXHIBITS

Exhibit    Description
Date            Pages   Legal Relevance
--------   ------------------------------------------------
-----------------------------------------    -----------    ------
--------------------------------------------------------
A          Text messages with Department Head Stephanie Davis
acknowledging Plaintiff's epilepsy Feb 17 2024    3
Demonstrates Defendants had actual notice of disability prior
           diagnosis.
to ADA/FMLA violations.

B          Email exchange between Plaintiff and Interim
Superintendent Justin Lowe regarding ADA May 31 2024 3 Shows
refusal to engage in ADA interactive process and rights and no-
contact directive. Plaintiff's written request for no further
contact

C          Excerpt from CTECS Response to CHRO
Mar 2024 Admits non-renewal began Mar 13 2024 before doctor's
note dated Mar 18 2024 — FMLA interference.

D          State of Connecticut Human Resources FMLA-HR2c (CORE-
CT Coding) form prepared by Nancy Flynn.    Apr 23 2024    2
Confirms leave approved Feb 12—Jun 20 2024; establishes
official notice of protected status.

E          Emails from Nancy Flynn to Plaintiff regarding FMLA
start date (two separate emails). March-April 2024 Confirms

*Pg. 17*

conflicting dates — Mar 12 vs. Feb 12 — proving inconsistency and negligence in HR administration.

F          Email exchange with Meredith DePaola (Labor Relations) regarding personnel file.  May 8 2024 2 Indicates improper review or alteration of personnel records. While complaint was pending — FOIA/§31-128b violation.

G          Emails from Kimberly Beaulieu showing recall of personnel file. May 23 2024    3      Suggests tampering or bad-faith handling of FOIA/HR records. (3:03 p.m. recall requests and 3:16 p.m. final email).

H          Letter from Assistant Principal Leah Catherman. 2024. 1 States that the reason given for Plaintiff's non-renewal "was not accurate," supporting claims of pretext and retaliation.


I.          (DOJ Right-to-Sue Letter and ADAAA Notice) confirms that Plaintiff's condition falls squarely within the protections of the ADA and that he has exhausted all administrative prerequisites for bringing this civil action.

Exhibit A



10:56                                      LTE

< SD

**Stephanie**

Feb 16, 2024 at 7:30 AM

Hi Ralph, I hope everything is alright??
Sending good vibes. If you need anything
let me know.

Feb 17, 2024 at 7:55 PM

I just got out of the hospital.  Hopefully
going to my doctor Tuesday

Thank you very much

I'm glad to hear from you, I was worried.
Are you alright now for the most part?

I should tell you I'm epilithic

I was diagnosed I don't feel right without
telling you. In case something happens

I won't be coming back until I go to the
doctor and get medication

I'm sorry to hear that, that must be a lot to
digest. Explains your fainting spells though
which is good? Thank you for keeping me
in the loop. Did you have a seizure then?
How scary. Your health comes first, of
course. No worries

I hope they find a solution for you quickly

Yes I had a seizure driving home
Wednesday night

After the basketball games

iMessage

P 19
5



*Exhibit A*



9:55  •••| LTE 🔋

**SD**

**Stephanie** ›

Yes, keep me in the loop. Martincheck wanted me to mentioned you may need paperwork to come back?

I was going to comeback tomorrow I'm feeling better.

Oh good, I guess people who were in the hospital sometimes get turned away by admin he said

I should've never told them I was in the hospital. I have been diagnosed and I have an appointment with my neurologist in a month.

We will see tomorrow hopefully they don't turn me away

Thank you for letting me know that though

No problem, I guess we just play it by ear and see! He suggested "going straight to the top" and calling Dinatale so you don't come down here for nothing but idk

I'll call him

Yeah your choice

I talked with him since it's not 5 days I can comeback

Thank you for letting me know to call him

iMessage

*Pg. 21*

Exhibit A



Stephanie

Yeah your choice

I talked with him since it's not 5 days I can comeback

Thank you for letting me know to call him. Thank you for all your help during this!!!

I'll call him

Oh good! 5 days in the hospital is the rule?
Or 5 days out of the building?

No problem! I'm glad you're feeling better!

5 days out of the building he said is the rule

Feb 22, 2024 at 6:58 AM

Good morning! I posted everything the seniors need to do on google classroom so they should be all set for today

Good morning!!! Here's the apple

Pg. 22

## Fw: non-renewal

From:  Ralph deSantis (ralphdesantis1@yahoo.com)

To:  emily.armstrong@mail.house.gov; susan.mota@ct.gov

Date:  Thursday, June 5, 2025 at 10:39 AM EDT

----- Forwarded Message -----
**From:** Ralph deSantis <ralphdesantis1@yahoo.com>
**To:** Lowe, Justin (CO) <justin.lowe@cttech.org>
**Sent:** Friday, May 31, 2024 at 02:03:36 PM EDT
**Subject:** Re: non-renewal

Interim Superintendent,

   I did not receive that email at 9:37 because my school email had been shut off.  I can not get into it.  I asked for a call back not an email.  I will be taking further action about my civil rights and rights under the federal Disabilities Act of 2008.  I respectfully ask that you do not contact me.  I tried to resolve this matter cordially.

Ralph DeSantis

On Friday, May 31, 2024 at 01:17:47 PM EDT, Lowe, Justin (CO) <justin.lowe@cttech.org> wrote:

Mr. DeSantis:

I sent you the following email today at 9:37 AM.

Please review below.

*Pg. 23*

Justin Lowe, Ed.D.

**Interim Superintendent**

**Connecticut Technical Education and Career System**

860-807-2200

The information contained in this transmission is confidential and is intended only for the use of the recipient listed above. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this e-mail in error, please notify us immediately by replying to this message so we can take prompt and appropriate action toward rectifying this mistake. Please note that messages to or from the State of Connecticut domain may be subject to the Freedom of Information Act (Conn. Gen. Stat. sections 1-200 et seq.).

**From:** Lowe, Justin (CO) <justin.lowe@cttech.org>
**Sent:** Friday, May 31, 2024 9:37 AM
**To:** DeSantis, Ralph (Whitney) <ralph.desantis@cttech.org>
**Subject:** non-renewal

Mr. DeSantis:

I understand you having been calling central office to speak with me. Per the SVFT contract, which I have cited below, only employees with two or more years of service are entitled to a hearing with the Superintendent.

If you feel you are being discriminated against, you may reach out to our Affirmative Action Director, Levy Gillespie. Or consult Erin Ryan, Director of Human Resources. Naturally, I also suggest you consult your union with question around the contract and the non-renewal process.

**Article 15 of SVFT contract**

*A non-tenured employee with two (2) or more years of service who is terminated or non-renewed may, upon written request filed with the Superintendent within ten (10) days after receipt of notice of termination or non-renewal, be entitled to*



P₅. 24

*Exhibit B*

*a hearing before the Board's designee, who will be the Superintendent. The hearing will be held within thirty (30) days of such request. The employee will have the right to appear with a Union representative. Nothing shall prevent the Board and the employee from agreeing to a hearing before an impartial hearing panel established and conducted in accordance with the provisions of Connecticut General Statutes §10-151(c) without the right to appeal provided in Connecticut General Statutes §10-151(f).*

Justin Lowe, Ed.D.

Interim Superintendent

Connecticut Technical Education and Career System

860-807-2200

The information contained in this transmission is confidential and is intended only for the use of the recipient listed above. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this e-mail in error, please notify us immediately by replying to this message so we can take prompt and appropriate action toward rectifying this mistake. Please note that messages to or from the State of Connecticut domain may be subject to the Freedom of Information Act (Conn. Gen. Stat. sections 1-200 et seq.).

renewed for the upcoming 2025 academic year. The principal, Joseph DiNatale, cited unprofessionalism as the reason for this decision. Despite providing doctor's notes that explained my condition and the reasons for my difficulties, the school chose not to renew my contract.

**The Respondent admits the Complainant was notified by letter dated March 21, 2024, that his contract would not be renewed for the 2024-2025 school year.**

**The Respondent denies the reason for nonrenewal was unprofessionalism. The notice specifies that the Complainant's "professional skills do not meet the expectations of this school system." See Attached 1 (Notice of Nonrenewal).**

**The Respondent denies, to the extent the Complainant alleges he provided doctor's notes to the decision-maker prior to the decision to nonrenew the Complainant's employment. The request to nonrenew the Complainant was sent by the Principal to the Superintendent on March 13, 2024. The doctor's note was dated March 18, 2024.**

4.     I wish to file a formal charge of discrimination against my former employer. This charge is based on discriminatory practices related to my disability, as defined under the Americans with Disabilities Act (ADA).

**The Respondent denies any and all allegations of discrimination of paragraph 4.**

5.     I believe my employer discriminated against me due to my disability, in violation of the Americans with Disabilities Act of 1990 (ADA), as amended, and all applicable Connecticut state laws.

**The Respondent denies any and all allegations of discrimination of paragraph 5.**

*Exhibit 1*

State of Connecticut Human Resources
## CORE CT Coding
**For Medical Leave, Family Leave or Military Family Leave**
*(To be completed by Human Resources)*

Form #: **FMLA-HR2c**
Revision Effective Date: 1/1/2022

**Employee Name:** Ralph DeSantis                    **Employee ID Number:** 065499

**Agency:** CTECS                    **Supervisor's Name:** Joseph DiNatale

The following is a description of the timeframes of your leave entitlement(s) and a list of the Core-CT codes to use during your leave. **NOTE:** If you require additional leave when your leave entitlement expires, it is your responsibility to submit a new medical certificate (P33A or P33B) in conjunction with an anticipated absence. Approval shall not be retroactively applied if leave documents are not received on a timely basis.

**You have been approved for:**

☐ **Federal FMLA:** ☐ Self ☐ **Caregiver: Relationship to Employee** _____
    ☐ Intermittent ☐ Reduced Schedule ☐ Block Leave ☐ Concurrent with Workers' Compensation
    Dates: From _____ To _____

   Description of Reduced Schedule and/or Anticipated Frequency and Duration of Intermittent Leave:



☑ **State FMLA:** ☑ Self ☐ **Caregiver: Relationship to Employee** _____
    ☐ Intermittent ☐ Reduced Schedule ☑ Block Leave ☐ Concurrent with Workers' Compensation
    Dates: From 02.12.2024 To 05.03.2024

   Description of Reduced Schedule and/or Anticipated Frequency and Duration of Intermittent Leave: _
    Approved State Block FMLA 02.12 - 05.03.2024.


☑ **SEBAC 2017 Supplemental Leave:**
    ☑ Self ☐ **Caregiver: Relationship to Employee** _____
    ☑ Block Leave ☐ Reduced Schedule Leave
    Dates: From 05.04.2024 To 06.20.2024

   Description of Reduced Schedule: _
    Approved Block SEBAC 05.04 - 06.20.2024.
    A Fitness for Duty (page 4 of the Medical Certificate) completed by your healthcare provider is

☐ **Pregnancy Disability Leave**

    Dates: From _____ To _____

☐ **Organ or Bone Marrow Donation Leave**

    Dates: From _____ To _____

Pg. 27

| CORE Code | Description | From | To | Priority |
|---|---|---|---|---|
| SSMS | Sick for Self under State FMLA | 02.12.2024 | 05.03.2024 | 1 |
| USMU* | Unpaid for Sick uner State FMLA | 02.12.2024 | 05.03.2024 | as needed |
| USSM | Unpaid for Self under SEBAC Supplemental Leave | 05.04.2024 | 06.20.2024 | as needed |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**ADDITIONAL COMMENTS/INSTRUCTIONS:**

*Timekeeper/Payroll please notify DAS.BenefitsandLeavesPod4@ct.gov once the employee goes Unpaid and CORE entry can be done.

Prepared by: Nancy Flynn                                  Date: 04.23.2024

cc: Human Resources, Payroll, Manager/Supervisor

*Exhibit E*

## FMLA Approval

From: Flynn, Nancy (nancy.flynn@ct.gov)

To: ralphdesantis1@yahoo.com

Cc: Doreen.Parise@ct.gov

Date: Tuesday, April 23, 2024 at 04:06 PM EDT

Good afternoon-

We have received an updated Medical Certificate and have attached the paperwork for your approved leave: The Designation Notice (FMLA-HR2b) and the CORE Coding (FMLA-HR2c). We will send a copy of the CORE Coding form to your Principal and Business Manager so they are aware of your approval and the proper coding for your timesheet when you are out.

Although your healthcare provider indicated your leave end on August 12th, leave is not needed while school is out for the summer, so we have approved your leave through June 20th. Please note, prior to returning from block leave you are required to provide a Fitness for Duty (FFD, page 4 of the Medical Certificate, form P33a) completed by your healthcare provider (HCP). If your HCP indicates you have any restrictions on the FFD, please allow a few days for review as your agency HR Business Partner needs to determine if the restrictions can be accommodated. You will also need to complete and submit an Intent to Return to Work form (FMLA-HR3). These forms are attached for you, when completed please send them to our attention via email to DAS.BenefitsandLeavesPod4@ct.gov or via fax to 860.706.1474.

Please let me know if you have any questions.
Thank you.

Nancy



**Nancy Flynn**
**Human Resources Specialist**
Administrative Services
Phone: 860-952-9116
FAX: 860-706-1474
Nancy.Flynn@ct.gov
450 Columbus Blvd Suite 1502, Hartford, CT 06103

Please forward leave related documents or requests to:
DAS.BenefitsandLeavesPod4@ct.gov or fax 860-706-1474.

*Pg. 29*

*Exhibit E*

# FMLA Approval

From: Flynn, Nancy (nancy.flynn@ct.gov)

To: ralphdesantis1@yahoo.com; ralph.desantis@cttech.org

Cc: Doreen.Parise@ct.gov

Date: Friday, April 12, 2024 at 10:37 AM EDT

Good afternoon-

We have received your Medical Certificate and have attached the paperwork for your approved leave: The Designation Notice (FMLA-HR2b) and the CORE Coding (FMLA-HR2c). We will send a copy of the CORE Coding form to your Principal and Business Manager so they are aware of your approval and the proper coding for your timesheet when you are out.

Is driving an essential function of your job? Please let me know, if so, we will need reach out to your agency regarding an accommodation.

Although your healthcare provider (HCP) stated you need leave beginning February 12th, we can only go back one month, so your leave has been approved beginning March 12th.

Your healthcare provider checked yes that you have follow-up appointments but did not provide the frequency of appointments or the time needed for each one. If you need time covered for this, please ask your HCP to either add it to the Medical Certificate (attached) initialing and dating any changes/additions, or provide the information in a note on their letterhead so we can review for additional approval.

Please let me know if you have any questions.
Thank you.

Nancy



**Nancy Flynn**
**Human Resources Specialist**
Administrative Services
Phone: 860-952-9116
FAX: 860-706-1474
Nancy.Flynn@ct.gov
450 Columbus Blvd Suite 1502, Hartford, CT 06103

Please forward leave related documents or requests to:

*P_s. 30*

## Re: Requesting File

From:  **Ralph DeSantis** (ralphdesantis1@yahoo.com)

To:    meredith.depaola@cttech.org

Date:  Friday, May 10, 2024 at 08:03 AM EDT

Good Morning,

I was just wondering why anyone is reviewing my file.  I have my meeting on Monday morning with my social worker.  If it could emailed to today so I can look it over and be able to contact the right people if I have any questions.  I would greatly appreciate it. Thank You

Ralph DeSantis

Sent from my iPhone

On May 8, 2024, at 3:45 PM, DePaola, Meredith (CO) <meredith.depaola@cttech.org> wrote:

Good afternoon Mr. deStantis,

I am in receipt of your request and you will receive the file once it has been reviewed. Thank you.

*PJ. 31*

*Exhibit F*

The information in this email and any attachments are intended for the exclusive use of the addressees and may contain confidential information.  If you are not an intended recipient, you are notified that any dissemination, disclosure, distribution, or copying of this communication is strictly prohibited.  If you are not an intended recipient, please do not read, distribute or take any action relying on this communication. If you have received this communication in error, please notify the sender immediately by return email and promptly destroy this communication, including any attachments. Please note that emails to or from the State of Connecticut domain may be subject to the Freedom of Information Act, Conn. Gen. Stats. §§ 1-200 et seq.

**From:** Ralph deSantis <ralphdesantis1@yahoo.com>
**Sent:** Wednesday, May 8, 2024 3:35 PM
**To:** DePaola, Meredith (CO) <meredith.depaola@cttech.org>
**Subject:** Requesting File

You don't often get email from ralphdesantis1@yahoo.com. Learn why this is important

EXTERNAL EMAIL: This email originated from outside of CTECS. Do not click any links or open any attachments unless you know the content is safe.

Ms. DePaola,

    I am emailing to request the relevant files about why I was not renewed as I have been out with a medical condition.  I have a meeting with my Social Worker coming up, so I am trying to get everything together for my meeting.  Thank You.

Thank You,

Ralph DeSantis

*Pg. 32*

*Exhibit G*

## File Request

From:   Beaulieu, Kimberley (CO) (kimberley.beaulieu@cttech.org)

To:     ralphdesantis1@yahoo.com

Cc:     rafael.palacio@cttech.org; briccitelli@svft.org; meredith.depaola@cttech.org

Date:   Thursday, May 23, 2024 at 03:03 PM EDT

<u>Sending on behalf of Rafael Palacio, Labor Relations Manager</u>

-

Dear Mr. DeSantis,

Pursuant to your request, enclosure you will find the documentation.  We apologize for the delay which was caused by administrative constraints.

**Kindly,**
**Kimberley Beaulieu**
**Agency Labor Relations Secretary**
CT Technical Education and Career System
Telephone: 860-807-2148
E-mail: Kimberley.Beaulieu@cttech.org
<u>www.cttech.org</u>

 DeSantis, Ralph File.pdf
3.1 MB

*Pg. 33*

*Exhibit G*

## Recall: File Request

From: **Beaulieu, Kimberley (CO) (kimberley.beaulieu@cttech.org)**

To: ralphdesantis1@yahoo.com

Cc: rafael.palacio@cttech.org; briccitelli@svft.org; meredith.depaola@cttech.org

Date: **Thursday, May 23, 2024 at 03:03 PM EDT**

Beaulieu, Kimberley (CO) would like to recall the message, "File Request".

*P.s. 34*

*Exhibit G*

## File Request

From:   **Beaulieu, Kimberley (CO) (kimberley.beaulieu@cttech.org)**

To:     ralphdesantis1@yahoo.com

Cc:     rafael.palacio@cttech.org; briccitelli@svft.org; meredith.depaola@cttech.org

Date:   **Thursday, May 23, 2024 at 03:16 PM EDT**

~~Sending on behalf of Rafael Palacio, Labor Relations Manager~~

-

Dear Mr. DeSantis,

**Pursuant to your request, enclosure you will find the documentation.  We apologize for the delay which was caused by administrative constraints.**

Kindly,
**Kimberley Beaulieu**
**Agency Labor Relations Secretary**
CT Technical Education and Career System
Telephone: 860-807-2148
E-mail: Kimberley.Beaulieu@cttech.org
www.cttech.org

 DeSantis, Ralph File.pdf
3.1 MB

*Pg. 35*

January 21, 2025

To Whom It May Concern,

During the 2023-2024 school year, I was an Assistant Principal at Eli Whitney Technical High School in Hamden, CT. During that time Ralph DeSantis was a Technical Education Teacher whom I supervised and evaluated. Mr. DeSantis was a beginning teacher with very little training for classroom instruction, but his background in coaching and experience in the technical field provided him with a foundation for growth. Over the course of the fall I coached Ralph on a variety of best practices including: creating lesson objectives, using questioning techniques , planning units of instruction, classroom management and dealing with difficult student behaviors. Ralph had a few very challenging students in his shop and frequently reached out to myself and the principal Mr. DiNatale for assistance. Ralph was always responsive to the coaching or direction he was given for a particular instance. He was willing to work with the School Psychologist and Guidance Counselor to restore relationships and make plans to meet individual student needs. Throughout the Fall Semester I found Ralph to be collaborative, responsive and capable. In my experience as an administrator, Ralph was coachable and would likely have grown into a strong teacher. His challenges in that environment initially were due to the lack of preparation required of teachers in the CT Technical High School System.

When Mr. DeSantis was diagnosed with a seizure disorder in the spring that year he was forthcoming with administration regarding his medical condition and treatment, but expressed a strong desire to continue teaching as treatment was initiated. Ralph's fervent desire to ensure that his students didn't lose their primary instructor was admirable. Unfortunately, the treatment caused side-effects which disrupted Ralph's ability to do his best work. In my opinion, Ralph should have availed himself of his FMLA rights sooner.

It is my professional opinion that Mr. DeSantis was demonstrating growth as a new teacher and his termination was not directly motivated by his job performance.

Sincerely,

Ms. Lea Catherman
Leacatherman@hotmail.com

*Pg. 36*

*Exhibit I*

 **Outlook**

**Response: Your Civil Rights Division Report – 662708–TRB from the Disability Rights Section**

**From** DOJ Civil Rights – Do Not Reply
           <civilrightsdonotreply@mail.civilrights.usdoj.gov>
**Date** Wed 9/10/2025 7:42 AM
**To**    DeSantis, Ralph J. <desantisr1@southernct.edu>

**You don't often get email from civilrightsdonotreply@mail.civilrights.usdoj.gov.** Learn why this is important

U.S. Department of Justice
**Civil Rights Division**

| civilrights.justice.gov

662708-TRB

Sep 10, 2025

Ralph DeSantis
desantisr1@southernct.edu

EEOC Charge Against: Eli Whitney Technical High School
EEOC Charge No. 523-2024-03019

Dear Ralph DeSantis,

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

Because you filed the above charge with the Equal Employment

*Pg. 37*

*Exhibit 1*

Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge, and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you or your attorney has specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

If you or your attorney has any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to: New York District Office. Contact information for this office is located at: https://www.eeoc.gov/field-office/newyork/location.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Enclosed you will find a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA). We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,

Title I Complaint Intake Unit
US Department of Justice
Disability Rights Section

*Pg. 38*

*Exhibit 1*

ADA.EEOCcharges@usdoj.gov

Enclosure:
Notice of Rights under the ADAAA

---

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**  The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. .A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin;

*P₅. 39*

*Exhibit I*

normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- **Only one** major life activity need be substantially limited.

- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or *"in remission"* (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment it to be substantially limiting.

- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

Pg. 40

*Exhibit I*

- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

***Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*** For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm

CC: desantisr1@southernct.edu, Clevey@bennettandbelfort.com, erin.ryan@cttech.org, darlan.bastidas@eeoc.gov

## Contact

civilrights.justice.gov

U.S. Department of Justice Civil Rights Division 950 Pennsylvania Avenue, NW Washington, D.C. 20530-0001

(202) 514-3847
1-855-856-1247 (toll-free)
Telephone Device for the Deaf (TTY) (202) 514-0716

*Pg. 41*